# In the United States Court of Federal Claims

JOSHUA J. ANGEL,
                  Plaintiff,

v.

THE UNITED STATES,

                  Defendant.

No. 23-cv-0800
(Filed: June 26, 2025)

Joshua J. Angel, New York, N.Y., for Plaintiff.

Anthony F. Schiavetti, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

Meriweather, Judge.

      Plaintiff, Joshua J. Angel ("Mr. Angel" or "Plaintiff"), on behalf of himself and a putative class of shareholders,[1] seeks compensation from the United States for changes to how the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "the Enterprises") declare dividends following the Enterprises' 2008 financial collapse and subsequent conservatorship. Before the Court is Mr. Angel's Motion for Reconsideration, ECF No. 34 ("Mot."), pursuant to Court of Federal Claims Rule 59, requesting that the Court vacate its June 25, 2024 Opinion and Order ("Opinion") granting Defendant's Motion to Dismiss. *See generally Angel v. United States*, 172 Fed. Cl. 102 (2024) ("*Angel IV*"). Having reviewed this Court's prior ruling, the relevant filings,[2] and the law, the Court **DENIES** Mr. Angel's Motion for Reconsideration.

---

[1] "Shareholders," as used in this Opinion, excludes the Department of Treasury ("Treasury"). *See* Compl. at 2 n.1, ECF No. 1.

[2] The following filings are relevant to this Opinion: Compl., ECF No. 1; Opinion, ECF No. 32; Mot., ECF No. 34; and Def.'s Resp. to Pl.'s Mot. for Recons., ECF No. 38 ("Resp."). Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (*e.g.*, *1), in which case the reference is to the pagination assigned by PACER/ECF.

# BACKGROUND

The Court set forth the factual background in detail in its Opinion.  *See Angel IV*, 172 Fed. Cl. at 109–12.  For purposes of the pending motion, the Court will briefly summarize the relevant facts and posture of the case.

## I. Following the 2008 Housing Market Collapse, Fannie Mae and Freddie Mac Stop Declaring Dividends

In *Fairholme Funds, Inc. v. United States*, the Federal Circuit detailed the financial history that ultimately led to the Enterprises' conservatorship and the curtailment of dividend payments that gave rise to Mr. Angel's claims.  26 F.4th 1274 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 563, *cert. denied sub nom. Barrett v. United States*, 143 S. Ct. 562, *cert. denied sub nom. Owl Creek Asia I, L.P. v. United States*, 143 S. Ct. 563, *and cert. denied sub nom. Cacciapalle v. United States*, 143 S. Ct. 563 (2023).  As recounted in *Fairholme*, and as quoted by this Court in its prior Opinion, *Angel IV*:

> The Enterprises suffered devastating financial losses in the 2008 housing market collapse.  In response, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA") which created the Federal Housing Finance Agency ("FHFA"), tasked with regulating the Enterprises and (if necessary) stepping in as conservator or receiver.  12 U.S.C. §§ 4511, 4617.  HERA also contains a Succession Clause, stating that FHFA "shall, as conservator . . . succeed to [] all rights, titles, powers, and privileges of the [Enterprises], and of any stockholder . . . with respect to the [Enterprises] and [its] assets."  § 4617(b)(2)(A)(i).
>
> In September 2008, the FHFA Director placed the Enterprises into conservatorship.  The FHFA Director then negotiated preferred stock purchase agreements ("PSPAs") with the Treasury.
>
> FHFA and Treasury amended the original PSPA terms.  The Third Amendment implemented a "net worth sweep," which replaced the fixed-rate dividend formula agreed to under the initial PSPAs with a variable one that required the Enterprises to make quarterly payments equal to their entire net worth, minus a small capital reserve amount.  The net worth sweep caused the Enterprise to transfer most, if not all, of their equity to Treasury, leaving no residual value that could be distributed to shareholders.

172 Fed. Cl. at 109 (quoting *Fairholme*, 26 F.4th at 1282–83) (cleaned up).

## II. Fannie Mae and Freddie Mac Shareholder Litigation

Following the Third Amendment, "[s]hareholders launched a series of challenges" attempting to undo the net worth sweep itself, or, alternatively, directly seeking compensation for changes to the benefits of owning stock in the Enterprises.  *See id.* at 110 (collecting cases).  Although these challenges advanced multiple theories of liability and worked their way through

2

multiple jurisdictions, including, ultimately, the Supreme Court, they were generally unsuccessful. *See, e.g., Collins v. Yellen*, 594 U.S. 220, 244–46 (2021); *Fairholme*, 26 F.4th at 1282 (resolving eight appeals of this Court at once and affirming dismissal of: (1) shareholders' direct constitutional takings claims; (2) shareholders' direct breach of implied-in-fact contract claims; (3) shareholders' direct breach of fiduciary duty claims; and (4) shareholders' derivative constitutional and non-constitutional claims); *Wash. Fed. v. United States*, 26 F.4th 1253, 1259 (Fed. Cir. 2022) (affirming dismissal of suit based on conservatorship); *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 633 (D.C. Cir. 2017) (affirming dismissal of statutory challenges to the validity of the Third Amendment and breach of fiduciary duty claims as barred by HERA's Succession Clause); *Kellmer v. Raines*, 674 F.3d 848, 852 (D.C. Cir. 2012); *Perry Cap. LLC v. Lew*, 70 F. Supp. 3d 208, 232 (D.D.C. 2014) ("[T]he [c]ourt finds that HERA's plain language bars shareholder derivative suits, without exception.").

### III. *Angel I–Angel III*

As such, Mr. Angel's claims do not present any issues of first impression for this Court—in fact, Mr. Angel himself contributed significantly to the development of the body of caselaw applicable here. In 2018, Mr. Angel, a holder of junior preferred stock in the Enterprises, filed his first, but certainly not his last, suit in the District Court for the District of Columbia pro se,[3] alleging that the Third Amendment was a breach of contract and breach of good faith and fair dealing. *See Angel v. Fed. Home Loan Mortg. Corp.*, No. 18-cv-1142, 2019 WL 1060805 (D.D.C. Mar. 6, 2019), *aff'd*, 815 F. App'x 566 (D.C. Cir. 2020) ("*Angel I*"). The District Court for the District of Columbia dismissed Mr. Angel's claims as time barred under the relevant states' statute of limitations periods, *id.* at *2–3, then denied Mr. Angel leave to amend as futile, *Angel v. Fed. Home Loan Mortg. Corp.*, No. 18-cv-1142, 2019 WL 11320986 at *2 (D.D.C. May 24, 2019), *aff'd*, 815 F. App'x at 566.

Less than two months later, Mr. Angel filed suit in this Court alleging the same claims as he did in *Angel I*, but voluntarily dismissed that action to avoid this Court's decision to issue a stay pending the Supreme Court's decision in the then-undecided case of *Collins v. Yellen*. *See Angel v. United States*, No. 20-cv-737 (Fed. Cl. Oct. 27, 2020) ("*Angel II*"), Order Granting Mot. to Stay, ECF No. 15; *Angel II*, Notice of Voluntary Dismissal, ECF No. 39. Only four days after dismissing *Angel II*, Mr. Angel *again* filed in this Court—"rehashing the same facts . . . and modifying, slightly, his theories of recovery." *Angel IV*, 172 Fed. Cl. at 111; *see also Angel v. United States*, No. 22-cv-0867 (Fed. Cl. Aug. 8, 2022) ("*Angel III*"), Compl., ECF No. 1. This Court dismissed *Angel III* on May 12, 2023, and Mr. Angel did not appeal that decision to the Federal Circuit. *See generally Angel III*, 165 Fed. Cl. 453 (2023).

---

[3] Although Mr. Angel proceeded pro se in *Angel I* and in portions of *Angel II–III*, Mr. Angel is "an alumnus of Columbia Law School who practiced law for nearly six decades and boasts of writing 'briefs, affidavits, motions, articles, and other arguments numbering in in the many thousands.'" *Angel I*, 2019 WL 11320986, at *1. Mr. Angel now proceeds as a member of this Court's bar. *See Angel IV*, 172 Fed. Cl. at 111. Accordingly, the Court declines to read Mr. Angel's Motion for Reconsideration under the more liberal standards traditionally afforded to pro se litigants. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings should "be liberally construed" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

## IV.   *Angel IV*

Only one month after this Court's decision in *Angel III*, Mr. Angel filed the instant complaint, realleging the same claims and same operative facts as those in *Angel I–IV*. *See Angel IV*, Compl. Specifically, Mr. Angel's Complaint alleges that: (1) the United States breached an implied-in-fact contract (or contracts) with him every quarter in which the Enterprises did not declare dividends ("Count I"); (2) the Treasury engaged in wrongful acts in conducting the net worth sweep and/or the relevant conservators breached their fiduciary duty to the Enterprises' shareholders ("Count II");[4] (3) he is entitled to declaratory judgment holding that his dividend rights should be retroactively restored ("Count III"); (4) the United States breached the settlement agreement supposedly reached during the pendency of *Angel III* ("Count IV"); and (5) he is entitled to declaratory judgment finding that the United States gave an "implicit guarantee" that shareholders would continue to receive dividends ("Count V"). *See Angel IV*, Compl. ¶¶ 69–103. Notably, all Mr. Angel's claims are either only "very lightly revised" or "virtually identical" to those in *Angel I–III*. *Angel IV*, 172 Fed. Cl. at 118, 120.

On October 13, 2023, the United States filed a Motion to Dismiss, requesting that all of Mr. Angel's claims be dismissed. *See Angel IV*, Mot. to Dismiss, ECF No. 16. On June 25, 2024, this Court granted Defendant's motion. This Court dismissed Count I[5] as both implausible and for lack of subject matter jurisdiction, finding the claims untimely,[6] and finding the continuing claim doctrine inapplicable. *See Angel IV*, 172 Fed. Cl. at 114–18. This Court also dismissed Count II[7] for lack of subject matter jurisdiction and timeliness, holding that the claims were "implausible because [they] [were] barred by binding precedent" under *Fairholme*.[8] *Id.* at 120–23. This Court similarly dismissed Count III for lack of subject matter jurisdiction because

---

[4] As this Court noted in its Opinion, Count II confuses takings claims with claims for illegal exaction. *See Angel IV*, 172 Fed. Cl. at 121–23. Although this Court declined to conflate these claims given that the elements to satisfy each are distinct, it proceeded as though Mr. Angel had pled both an illegal exaction claim and a separate, "mislabeled" takings claim, then rejected both as barred by *Fairholme*. *Id.*

[5] Count I here is identical to the claims in Count I this Court already dismissed in *Angel III*, except that Mr. Angel slightly modified the amount of damages claimed. *Compare Angel III*, Compl. ¶ 47, *with Angel IV*, Compl. ¶ 74.

[6] The Court found that *Angel III*'s holding on timeliness is preclusive here because the identical claim accrual issue was fully litigated and essential to the judgment in *Angel III*. *See Angel IV*, 172 Fed. Cl. at 116–18.

[7] Count II here is the "lightly revised" version of *Angel III*'s Count III. *Angel IV*, 172 Fed. Cl. at 120; *compare Angel III*, Compl. ¶¶ 52–57, *with Angel IV*, Compl. ¶¶ 75–80.

[8] The Court found that *Angel III*'s holding on timeliness was preclusive as to this claim as well. *Angel IV*, 172 Fed. Cl. at 121.

the claim "arises under bankruptcy law" and "is a request for declaratory relief" over which this Court lacks authority. *See id.* at 123–24. This Court held that Count IV was substantively implausible for three reasons. *See id.* at 126–27. "First, judicial experience and common sense, [were] insurmountable barriers to the plausibility of Mr. Angel's settlement narrative." *Id.* at 127. Second, the trial attorney that Mr. Angel alleged had assented to the supposed agreement did not have settlement authority. *Id.* Third, the facts show no meeting of the minds. *Id.* Finally, the Court dismissed Count V, a "reiteration of the contract law theory in Count I," as "untimely, barred by the doctrine of issue preclusion, requesting relief that is not within this Court's powers, and implausible." *Id.* at 133, 136 (cleaned up).

Following this Court's decision granting the United States's Motion to Dismiss, *see id.*, Mr. Angel filed the instant Motion for Reconsideration. *See generally* Mot. Instead of identifying any intervening change in the law or new evidence, Mr. Angel apparently reads "reconsideration" literally—positing that the Court should reconsider three aspects of its Opinion *for the same reasons this Court already rejected within that Opinion itself*—simply because he believes that Opinion was "misplaced." *See* Mot. at 2 (requesting "this Court reconsider the Opinion . . . in three respects: (1) whether claims for illegal extraction[9] [sic] . . . can be asserted by Plaintiff despite their being derivative in nature, and dismissed based upon . . . *Fairholme* . . .; (2) whether the Opinion . . . improperly applied the plausibility standard to make a factual finding inappropriate at this stage of the litigation; and (3) whether the Court was misplaced in relying upon the District Court and Circuit Court decisions . . . in making certain timeliness and preclusion findings"). The United States filed a Response wherein it argues that Mr. Angel has failed to demonstrate the requisite "extraordinary circumstances" necessary to warrant reconsideration. *See* Resp. at 2.

## LEGAL STANDARD

Pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), "the decision whether to grant a motion for reconsideration" is within this Court's discretion. *Kornafel v. United States*, 55 F. App'x 551, 552 (Fed. Cir. 2003) (quoting *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)). But the Court must take "exceptional care," *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), when deciding a motion for reconsideration, because such a motion "must be supported by a showing of *extraordinary circumstances* which justify relief." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citing *Fru-Con*, 44 Fed. Cl. at 300) (emphasis added). Specifically, the movant must demonstrate "[a] manifest error of law[] or mistake of fact" which warrants reconsideration. *Fru-Con*, 44 Fed. Cl. at 300 (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)).

Thus, as both this Court and others have repeatedly cautioned, a motion for reconsideration is not an opportunity for "an unhappy litigant [to get] an additional chance to sway the [court]" nor to "relitigate old matters." *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991) ("A motion for reconsideration is not intended to allow a party to make arguments already presented to, and rejected by, the court." (cleaned up)); *accord Podlucky v. United*

---

[9] Here, Mr. Angel likely means "exaction" not "extraction."

5

*States*, No. 21-cv-1377, 2021 WL 3124073, at *1 (Fed. Cl. July 23, 2021); *see also Young v. United States*, 94 Fed. Cl. 671, 674 (2010). "Motions for reconsideration should not be entertained upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time." *Fru-Con*, 44 Fed. Cl. at 300. Rather, "the litigation process rests on the assumption that both parties present their case *once*." *Bishop*, 26 Cl. Ct. at 286 (emphasis added).

Therefore, to prevail on a motion for reconsideration, a movant must show that either: (1) an intervening change in the controlling law has occurred; (2) previously unavailable evidence is now available; or (3) the motion is necessary to correct clear error or prevent manifest injustice. *See, e.g.*, *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (identifying these as "[t]he three primary grounds that justify reconsideration").

## DISCUSSION

### I. Mr. Angel Fails to Identify Any Change in the Law or Previously Unavailable Evidence Necessary to Warrant Reconsideration

As the United States correctly notes, Mr. Angel "does not identify any intervening change in controlling law" to support his Motion for Reconsideration. Resp. at 2; *see also Del. Valley Floral*, 597 F.3d at 1383. Mr. Angel's Motion for Reconsideration does not cite a single precedential case decided subsequent to this Court's Opinion. *See generally* Mot. (citing no cases decided after 2022). Mr. Angel's argument that this Court was "misplaced" in holding that his derivative claims are barred under *Fairholme* because he believes that the appropriate standard was actually articulated in *Washington Federal* is inapposite.[10] *See id.* at 2 (citing *Wash. Fed.*, 26 F.4th at 1253). *Washington Federal* was also decided before this Court issued its Opinion—in fact, this Court considered, cited to, and declined to apply *Washington Federal* as directly controlling in that Opinion. *See Angel IV*, 172 Fed. Cl. at 122 (holding that *Fairholme* controls Mr. Angel's substantively derivative claims); *cf. Pinckney v. United States*, 82 Fed. Cl. 627, 631–32 (2008) ("Because plaintiff already put forward these arguments . . . and the court commented upon them in its Opinion . . . plaintiff is merely reasserting an argument that previously made and carefully considered by the court."). *Washington Federal* is thus plainly not "intervening."[11] *Del. Valley Floral*, 597 F.3d at 1383. Nor could Mr. Angel cite to any

---

[10] In so arguing, Mr. Angel apparently confuses *Fairholme*'s holding that HERA bars all "substantively derivative" claims with the procedural requirements for bringing a shareholder derivative claim. *See* Mot. at 2–3. "Although Mr. Angel appears to assert otherwise in his Motion for Reconsideration, his Complaint in this case does not directly assert any derivative claims." Resp. at 4 (cleaned up). At this stage, the Court declines to read Mr. Angel's Complaint as though he filed derivatively. Even if the Court did read Mr. Angel's Complaint as directly asserting derivative claims, the outcome would not change as "the Federal Circuit already rejected such claims in *Fairholme*." *Id.*

[11] Confusingly, Mr. Angel seems to be arguing that the Court should reconsider its

change in the controlling law to support his Motion, because as this Court has now *thrice* attempted to explain to him, and as the Court now *again* reiterates: Fairholme is both binding and precedential; Fairholme bars his substantively derivative claims; and Fairholme has not been overturned, rather, it has been affirmed. *See Angel III*, 165 Fed. Cl. at 469 ("The [Federal Circuit's] holding in *Fairholme* . . . compels the dismissal of shareholder breach-of-fiduciary-duty claims based on HERA brought in this court as beyond the court's subject-matter jurisdiction."); *Angel v. United States*, 169 Fed. Cl. 224, 228 (2024) ("*Angel IV Discovery*") ("[T]he Federal Circuit ruled that shareholder claims based on the net worth sweep could not proceed in this court."); *Angel IV*, 172 Fed. Cl. at 110 (same). Indeed, this Court has repeatedly affirmed that *Fairholme* is "binding precedent that compels the dismissal" of claims like Mr. Angel's. *Fisher v. United States*, 167 Fed. Cl. 535, 536 (2023); *see also Kelly v. United States*, 171 Fed. Cl. 550, 556 (2024) ("Even if [plaintiff's] complaint w[as] timely, it still fails to state a claim because . . . binding Federal Circuit decisions have already decided the issues in this case."); *Reid v. United States*, 167 Fed. Cl. 539, 540 (2023) (noting that "binding precedent compels the dismissal of plaintiff's claims"); *Wazee Street Opportunities Fund IV v. United States*, 168 Fed. Cl. 454, 456 (2023) (same).

Nor does Mr. Angel "point to any previously unavailable evidence" sufficient to prevail on a motion for reconsideration. Resp. at 2; *see also Del. Valley Floral*, 597 F.3d at 1383. Presumably, if any such evidence existed, Mr. Angel would have cited that evidence in the declaration appended to his Motion; but that declaration merely summarizes the procedural history of *Angel I–IV*. *See* Mot., Decl. of Joshua A. Angel, ECF No. 34-1. And Mr. Angel's Motion itself merely realleges the same operative facts that have formed the basis of his claims since *Angel I*—notably, the only facts referenced within Mr. Angel's Motion are direct citations to his Complaint. *See* Mot. at 4–5 ("The conclusion urged by Plaintiff . . . is hardly an implausible one. The Complaint alleged copious factual support for the marketplace to draw such a conclusion. *See* Complaint ¶¶ 21–27, including footnotes 8 and 9."). Evidence is plainly not "previously unavailable" when a party has directly cited that evidence since the commencement of the litigation. *See Kottenstette v. Sec'y of Health & Hum. Servs.*, No. 15-cv-1016, 2020 WL 3579995 at *5–6 (Fed. Cl. June 2, 2020) (holding that evidence was not "previously unavailable" where "[e]ach of the articles . . . were published prior not only to the hearing in this case, but prior even to the filing of this case, and were therefore available for filing at all times during the pendency of this case").

Nor does the Court believe Mr. Angel *could* point to any "previously unavailable evidence" sufficient to support his motion. Since *Angel I*, three different courts have held that there *are no facts* which render his claims timely. *See Angel I*, 815 F. App'x at 569–70 ("There are no other facts consistent with Angel's complaint that would make his claims, which accrued

---

Opinion because that Opinion relied in part on the prior decisions in *Angel I*, which are "inconsistent with later decisions of this Court," *i.e.*, *Fairholme*. *See* Mot. at 6. Mr. Angel cannot have it both ways—*Fairholme* cannot only be precedential when it is convenient but inapplicable when it bars his claims. And the Court disagrees: the District and Circuit decisions in *Angel I* accord with the Federal Circuit's holding in *Fairholme*. Regardless, all *Angel I* decisions were before this Court and cited within its Opinion; they also are plainly not "intervening." *See Angel IV*, 172 Fed. Cl. at 111 (discussing, at length, the history of *Angel I*).

7

upon the adoption of the Third Amendment in 2012, timely."); *see also Angel IV Discovery*, 169 Fed. Cl. at 233 ("The court agrees with defendant that Mr. Angel's request for discovery as a means for uncovering facts pertinent to the court's claim accrual analysis should be denied. It cannot conceive how, in light of . . . its own accrual analysis in [*Angel III*] the discovery requested by Mr. Angel would alter its ruling on the limitations issue."); *Angel III*, 165 Fed. Cl. at 464 ("Because his claims all accrued by early 2013, more than six years before he filed his complaint, they are time-barred . . . and must be dismissed."); *Angel I*, 2019 WL 11320986 at *2 ("Angel's proposed amendment is futile: even with the new allegations, his suit comes too late. And the Court need not grant leave for Angel to rearrange the Titanic's deck chairs."); *Angel I*, 2019 WL 1060805 at *7 ("Mr. Angel filed the present action over five-and-a-half years after the Enactment of the Third Amendment . . . Mr. Angel's claims are time barred [under the relevant state statutes]."). And as this Court has attempted to explain before: *Angel III*'s holding on timeliness is preclusive.[12] *See Angel IV*, 172 Fed. Cl. at 117 ("As previously noted . . . the timeliness of the breach claim in Count I is the same issue that was decided in *Angel I*[*II*]. . . . Because the accrual issue here is identical to the one decided in *Angel I*[*II*] . . . all four issue preclusion conditions are met and Count I . . . must again be dismissed as untimely.").

## II. Mr. Angel Fails to Demonstrate that Extraordinary Circumstances Warrant Reconsideration

"Accordingly, the only issue before the Court is whether Mr. Angel has demonstrated that reconsideration is necessary 'to correct clear error or prevent manifest injustice." Resp. at 2 (quoting *Del. Valley Floral*, 597 F.3d at 1383). Under this standard, "manifest" is defined as "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002). In particular, "[r]econsideration based on a need to correct clear error or prevent manifest injustice is appropriate only 'where the Court has patently misunderstood a party or has made a decision outside [] the adversarial issues presented to the Court, . . . or has made an error not of reasoning, but of apprehension.'" *Richardson v. United States*, 171 Fed. Cl. 314, 316 (2024) (quoting *Del. Valley Floral*, 597 F. 3d at 1384). "When a party asks the court to correct clear error, the party

---

[12] On this point, Mr. Angel argues that "the District and Circuit decisions in *Angel 1* should not be considered in this case because the United States was not an *Angel I* party defendant." Mot. at 6. But Mr. Angel is mistaken on the law—this Court allows for non-mutual issue preclusion. *Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1251 n.2 (Fed. Cir. 2019) ("The Supreme Court and this court have approved non-mutual issue preclusion—the label assigned when the loser in the first case is precluded from relitigating an issue even in a later action that does not involve the first-case adversary." (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349–50 (1971); *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1295 (Fed. Cir. 2018))). And Mr. Angel is also mistaken on the facts—"this Court did not rely on those cases for its holdings on either timeliness or issue preclusion, and its references to those cases were appropriate and unobjectionable." Resp. at 7. Rather, this Court found that *Angel III*'s, not *Angel I*'s, holdings on timeliness were preclusive. *See generally Angel IV*, 172 Fed. Cl. at 117. There, however, *Angel III* was labeled as "*Angel I*" given that it was the first dispositive *Angel* decision in this Court, perhaps thereby causing Mr. Angel's confusion here. The parties in *Angel III* and *Angel IV* are identical.

cannot prevail 'unless it demonstrates that any injustice is apparent to the point of being almost indisputable.'" *Id.* (quoting *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010)).

Mr. Angel has simply not met his burden to demonstrate that "extraordinary circumstances" warrant reconsideration to "prevent manifest injustice" in this case.[13] Mr. Angel has now had more opportunities to present his case than most litigants. And as this Court has held: "[it] will not grant a motion for reconsideration if the movant merely reasserts arguments previously made, all of which were carefully considered by the [c]ourt." *Ammex*, 52 Fed. Cl. at 557. And yet that is exactly what Mr. Angel is attempting to do—his Motion reiterates the same arguments and same facts that courts have dismissed as alternatively implausible, untimely, or barred under relevant precedent since *Angel I*. *See* Mot. The Court will not afford Mr. Angel yet another opportunity to "relitigate old matters." *Podlucky*, 2021 WL 3124073, at *1. While the Court appreciates that Mr. Angel is "dissatisfied" with an outcome that does not restore his shareholder rights to their pre-Third Amendment status, the Court declines to entertain Mr. Angel's attempt "to try his case a [fifth] time." *Fru-Con*, 44 Fed. Cl. at 300.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration, ECF No. 34.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge

---

[13] This Court has held that a motion for reconsideration *cannot prevent any manifest injustice* where the court previously dismissed a plaintiff's complaint for lack of subject matter jurisdiction under the Tucker Act and did not reach the merits of a plaintiff's claims. *See Langan v. United States*, No. 18-cv-1603, 2019 WL 4643746, at *4 (Fed. Cl. Sept. 24, 2019). Accordingly, Mr. Angel's Motion cannot prevent any manifest injustice on the majority of his claims, which this Court dismissed for lack of subject matter jurisdiction. *See Angel IV*, 172 Fed. Cl. at 136 (dismissing Counts I, II, III and V for lack of subject-matter jurisdiction and Count IV for failure to state a claim).